It took me so long to get up here. I'm a little stiff. Quite all right. Mr. Jenkins, would you like to reserve some time for rebuttal? Yes, Your Honor. Six minutes. Six minutes. Very good. Go ahead, please. Let me start by telling you how good it is to see you again, Judge Ferris. And I'm not sure, but I think you may have been on the panel in my Estalori case. I think it was the first all-female, regular BAP judge panel. Yes. Yes. Good to see you again, Your Honor. Nice to see you. I don't think I've ever met you, but it's a pleasure to do so. Thank you. Let me start by telling you, as a citizen, as a lawyer, and as a small business person, I love stare decisis. I like the stability that it promotes, the predictability that it promotes. But, as, among others, Judge Kaczynski once observed in, I think, United States v. Johnson, sometimes it is necessary for the courts to take another look. You need to do that carefully, and you need to do that with great deliberation, but sometimes it is necessary. And there are procedures for that. And this Court has its own en banc panel for just that purpose, but you can only reconsider your own precedent. The Ninth Circuit has its own en banc panel, and it can consider its own precedent. So let me be as honest with you as I think you're going to be with me. I don't really expect that a potential outcome of this case is that you're going to purport to issue an opinion undoing the Ninth Circuit's presidential authority. That's a safe bet. Yes, Your Honor, and I would make that wager because if I were sitting where you are, I wouldn't do that, not if I wanted to keep sitting there. But my hope is that at some level, I am going to get some recognition that there is a potential problem with the case. In my wildest dreams, what I would get is a decision, a published opinion that starts with if we were writing on a clean slate. At some level, though, if you would just express some concern about the legitimacy of DiMera. And let me explain why I have a problem with it. And of course, one obvious reason I have a problem with it is because my client has a problem with it. But beyond that, and I know you do a very good job on statutory construction, and one of the things I appreciated about your Ad Naufe decision was that you, in addition to the money that it made my client, you, in my opinion, fairly well debunked the notion that BAP-CIPA is a beat-up-on-the-debtor statute and that anything that involves not beating up on the debtor has to be carefully scrutinized. I really appreciated that as a lawyer who represents a lot of debtors. And I think in some ways, although BAP-CIPA postdates the DiMera case, I think in some when they issued DiMera. But in any event, let me give you the best reason I have why I have a problem with DiMera. Obviously, they found that the explicit language of Section 522 that allows the debtor to avoid the non-pecuniary penalty interest portion of a tax lien, the statute specifically says the debtor can do that, and yet the Court said you can't. They had to have found that that language didn't really mean what it said. And it must have been ambiguous in their opinion. But they didn't really go through the normal protocol that you go through to analyze that issue. And the thing they ignored the most, the biggest thing they ignored the most, was the legislative history. And I honestly don't believe that Congress put all that legislative history in the record explaining to a debtor or the debtor's attorney exactly what needed to be done to protect the debtor's right to pursue rights under 724A and 522. I just don't think they put that in there just to send the debtor's attorney on a snipe hunt. I think that they put it in there because the debtor has a legitimate reason to do that. And as far as the statute that says that exempt property is still subject after the case to tax liens that were properly recorded, my analysis is that based on subsequent explanations by this Court and the Ninth Circuit of the effect of avoidance and preservation, that the analysis from DiMera doesn't quite fit. DiMera seems to be premised on the notion that when you avoid a lien, you destroy it. And they look at 522C1, I think, or 1B. They look at that as indicating that the bankruptcy code, and Congress intended the bankruptcy code to bring that destroyed lien back up out of the ashes like some sort of legislative phoenix. I don't think that's the way it works. In subsequent authority, the Ninth Circuit has held that when you avoid a lien and preserve it, that whoever's benefit you preserve it for becomes the owner of the lien. So the lien's still there. And I'm going to sit down now. Let me ask you a question. Unless you have questions. I just have one. You agree that DiMera, for our purposes, controls the outcome of the situation at this stage, unless we're willing to tell the Ninth Circuit they were wrong? Yes, Your Honor. As I indicated, I'm going to be as honest with you as you're going to be with me. So the question I have is, wouldn't it be incongruous if we were to hold, in this case, as you suggest, that if the trust, if you couldn't, in DiMera, the debtor couldn't avoid the lien and then claim the exemption for the non-pecuniary tax liability that was avoided, then how would it be that if the trustee avoids it in this case, the debtor gets a better result than when they did it themselves? Your Honor, the statute says the debtor can take advantage of the avoidance whether he does it himself or the trustee does it for him. But DiMera specifically dealt with a debtor who avoided it himself. In this case, there's no dispute the trustees avoided it. But you're suggesting we should find a different result than DiMera. I think that the law, I think DiMera was not properly decided. So you think in that case, the debtor should have been able to get the benefit as well? Yes, Your Honor. Appreciate your time. Okay. Thank you. Thank you very much. You have eight minutes for rebuttal. Mr. Houck. John Houck, behalf of the United States. Your Honors, may it please the Court. I think that the issue was pretty squarely presented before Your Honors today. The United States position is that the DiMera case is binding precedent upon this Court and that it was decided correctly. That's effectively all I really have to say. Unless the Court has questions for me as to the position of the United States. The only other question I have, can you give me the status of the district court appeal with respect to the issue on whether... Yes, Your Honor. It's fully briefed. Notice of briefs being completed and being ready for an oral argument were filed. I want to say probably in April or May of this year. I suspect that the district court will issue an opinion. I just wondered if anything had happened yet. No. No opinion has been issued yet. Okay. All right. Thank you very much. Thank you very much. All right. Mr. Jenkins. Not a lot to rebut. But Mr. Houck is a man of few words, but he chose them very well. Your Honor, one other thing just as a housekeeping item. Judge Clement ruled that under no circumstances can a debtor in Chapter 7 ever take advantage of the trustee's avoidance of any kind of lien. And he cited, I don't think, I think it was a bankruptcy court opinion that he decided. That's just wrong. I mean, that's not the law. And I don't see any reason to beat that to death. It is briefed. And I have a history with Judge Clement. He and I get along as well and are as good of friends as two people who sit on opposite sides of the bench can be. But I have a history of appealing him, sometimes successfully. And I think he wanted to put one more nail in my coffin in this instance. I will answer any more questions that you have. Good. We're done. Thank you very much. You're welcome. Thank you, Your Honor. Thank you. Matter is submitted. Thank you. Good day. And the panel is in recess.
judges: Faris, Brand, Gan